STATE OF IOWA, Appellee, v. RAY DECKER, Appellant.

No. 45840.

FEBRUARY 10, 1942.

Marshall F. Camp and E. F. McEniry, for appellant.

John M. Rankin, Attorney General, and George F. Allen, County Attorney, for appellee.

STIGER, J.—Instruction No. 7 reads:

"The crime charged is one that is usually committed in secret, and the proof of the guilt of a defendant is usually to be had only from the testimony of children of tender years.

"In considering the testimony of the witnesses Barbara Whitehead and Berneice Wynn the jury should take into consideration their age, intelligence, experiences in life, conduct, character and every fact and circumstance developed in the evidence *being* upon the credibility of such witnesses and the weight to be given their testimony, in order that you may correctly weigh their evidence and determine its truth or falsity. Their motive or lack of motive to tell the

truth or to make an untruthful accusation should be carefully considered and from all of the evidence in the case the jury should determine that weight and credibility you will give to their evidence. Under the law you may return a verdict of guilty upon the uncorroborated evidence of such witnesses alone if you believe that such witnesses speak the truth, and that the acts described by them were done by the defendant with the intent and purposes prohibited by the Statute under consideration in this case. If corroborated by other credible evidence or witnesses their story is strengthened. You are the sole judges of the weight of their evidence and the credibility you will give to the same.'' (Italics supplied.)

Defendant claims that because of the use of the italicized word ''being'' the instruction is prejudicially erroneous and requires a reversal.

It is obvious the trial court intended to use the word *bearing* and that there was either a clerical mistake in copying the instruction or an inadvertent use of the wrong word. Otherwise the instruction is not subject to criticism, and, considering the instruction in its entirety, the possibility that the jury was misled to the injury of the defendant is so remote that we must decline to reverse.

In State v. Steen, 125 Iowa 307, 312, 101 N. W. 96, 98, it is stated:

''The use of 'his' instead of 'her' in framing the instruction is such an evident slip of the pen that no juror of average mental capacity could possibly be misled by it.''

Defendant, a witness, admitted the commission of acts constituting the crime charged.—Affirmed.

BLISS, C. J., and MILLER, OLIVER, GARFIELD, WENNERSTRUM, SAGER, and HALE, JJ., concur.